# IN THE COURT OF APPEALS OF IOWA

No. 22-1720
Filed August 9, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEVEN ROBERT WILDMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, DeDra L. Schroeder, Judge.

A defendant appeals his sentence following a guilty plea. **AFFIRMED.**

Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Steven Wildman signed and filed a written guilty plea for one charge of intimidation with a dangerous weapon—a class "D" felony. Between entering his guilty plea and the sentencing hearing, Wildman violated the conditions of his pretrial release when he was arrested for charges in Howard County. During his bond review hearing, he pointed to issues with his mental health and substance abuse that converged and led to the violation.

At the sentencing hearing, the State recommended a five-year suspended sentence, probation for two to five years, and a suspended $1250 fine in accordance with the plea agreement; Wildman argued for a deferred judgment. The sentencing court imposed a five-year suspended sentence and placed Wildman on probation for five years. As part of his probation, the court ordered Wildman to complete a six-month residential treatment program while remaining in the county jail and to receive mental-health and substance-abuse evaluations and follow through with their recommendations. As a part of its reasoning, the sentencing court stated:

> I have a concern. I released you [on pretrial release]; and I know you haven't been convicted, but you've pled guilty to some other charges which were fairly serious. I want to make sure that you're successful on probation.
> . . . .
> I'm not granting your request for a deferred judgment. Based upon the nature and circumstances of this offense and based upon your age and everything I've learned about you through the file and through the presentence investigation [(PSI)] report, I just don't believe it's appropriate in this case.

Wildman appeals his sentence.[1]  He argues the sentencing court's chosen sentence did not account for his time incarcerated before he was sentenced and that the sentencing court did not adequately explain its decision to not impose a deferred judgment.  "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  We review a criminal sentence within the statutory limits for an abuse of discretion.  *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020).  "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable."  *Formaro*, 638 N.W.2d at 724.

As for Wildman's argument that the court did not properly consider his presentence jail time as a mitigating factor, the PSI report detailed the time of his incarceration, and the court explicitly stated it considered the PSI report.  And while the sentencing court did not mention his time served in its sentencing order, this court has recognized that a sentencing court need not "specifically acknowledge each claim of mitigation urged by a defendant."  *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995); *see also State v. Mathews*, No. 17-0519, 2018 WL 2084831, at *2 (Iowa Ct. App. May 2, 2018) ("Additionally, the district court need not specifically state every possible sentencing factor.").

---

[1] Wildman pled guilty but has good cause for this appeal.  *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

Wildman's next argument, that the sentencing court did not adequately explain its decision not to grant a deferred judgment, also fails as "a sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018). Rather, the reasons for a particular sentence may be "terse and succinct" as long as "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Wildman maintains the sentencing court failed to give a rational basis for what he argues is a harsh sentence. But we find that the sentencing court here gave us adequate reasoning to enable our review, citing Wildman's rehabilitation, protection of the community, deterrence of others from committing similar offenses, the nature and circumstances of this offense, Wildman's age, and what the court learned in Wildman's file and PSI report.

We find no abuse of the sentencing court's discretion, and so we affirm.

**AFFIRMED.**